[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR PROTECTIVE ORDER
An officer of the court has represented that the subject matter of the allegations in this complain relate to matters directly involved in or related to allegations made in a Federal prosecution of the defendant. Paragraphs 3, 4 and 5 of the complaint and the uncontradicted representations of defense counsel that plaintiff and plaintiff's counsel have cooperated with Federal authorities and may be witnesses in the Federal prosecution certainly corroborate such a claim.
Because of this the defendant moves for a protective CT Page 2207 order staying discovery directed to him in his individual capacity until the resolution of the Federal criminal prosecution.
It is the court, not the party claiming the privilege who determines the propriety of asserting it in a particular situation, U.S. v. Jones, 703 F.2d 473, 478 (A10, 1983), U.S.v. Doe, 465 U.S. 614 N13, Hoffman v. U.S., 341 U.S. 479, 486
(1951). And the defendant's claim for a protective order is very broad and read literally would bar discovery until appeal and perhaps even habeas procedures are exhausted in the event of a conviction. However, defense counsel has represented that the Federal trial is scheduled for the first week of May. Depending on the results of that trial, the self-incrimination issue would be removed or the scope of any claim under the privilege could be narrowly circumscribed.
This case is only eight months old. Discovery of third parties can certainly proceed. I see no need at this point to schedule deposition proceedings of the defendant which in all likelihood will have to to be court supervised so that there can be judicial rulings on the privilege claims that are certain to arise. The protective order should only be granted until the Federal trial is completed. At that time, another deposition can be scheduled and the motion for protective order can be renewed if it is felt that there are grounds for it similar to the ones now asserted.
If plaintiff's counsel has reason to think that the two month delay in discovery authorized by the granting of this motion will result in the disappearance of information or material or otherwise permanently prejudice his ability to learn of discoverable material, he should immediately bring that to the attention of the court. Then the court will balance any such claim against the defendant's interest in postponement of discovery until the conclusion of the Federal trial.
Otherwise, the protective order is granted until the conclusion of the Federal trial at which time the court will review its action and decide on the propriety of continuing modifying or terminating the relief granted.
Corradino, J. CT Page 2208